Rockingham,
No. 5188.

ROBERT BRADSHER

*v.*

WALTER E. STEVENS.

Argued January 7, 1964.
Decided January 31, 1964.

*Robert Shaw* (by brief and orally), for the plaintiff.

*Perkins, Holland & Donovan* (*Mr. Robert B. Donovan* orally), for the defendant.

BLANDIN, J.    The plaintiff's exceptions, in the last analysis, raise the question of whether reasonable persons could return a verdict here for the defendant on the ground of the plaintiff's contributory negligence.

The Court could find the following facts from those agreed upon and from the testimony:   The parties were approaching each other from opposite directions after dark on a November night.   They were traveling upon a straight stretch of dry, unlighted country road, and no other vehicles were involved in any manner.   The defendant's headlights were lit.   Some sixty feet westerly of the point of collision was a "quite sharp" knoll

or rise in the road, which was not "very high," but which cut off the view of each party from the other. The plaintiff, who was traveling easterly, had practically stopped and then made a left-hand turn and was moving directly across the road to enter a driveway on the northerly side.

The defendant was driving west, at about thirty-five to forty miles an hour. On cresting the knoll, the defendant saw the plaintiff apparently stop, or nearly stop, directly across the road, and start toward the driveway. The defendant was unable to turn his car quickly enough to avoid hitting the plaintiff's station wagon upon its right rear corner.

The accident happened in the plaintiff's "home territory"; he knew the road and the danger caused by the fact that the knoll obstructed his view. He testified that because of this he "was looking all the time," and just as he made his turn he looked and saw nothing. He remained unaware of the presence of the defendant's car until the collision occurred.

In these circumstances, the Court's finding in effect that the plaintiff either did not look as he claimed, or that if he did look, he did so carelessly, is clearly warranted. *Lafountaine* v. *Moore*, 90 N. H. 258, 260; *Bukowski* v. *Buffum*, 103 N. H. 544, 546.

The test of the plaintiff's conduct is not what he saw, but what he should have seen had he kept a proper watch. *L'Heureux* v. *Desmarais*, 89 N. H. 237, 238. On the entire record, we cannot say that a finding of contributory negligence on the part of the plaintiff was unwarranted. His exceptions are therefore overruled. *Powell* v. *Gagne*, 102 N. H. 256.

The order is

*Judgment on the verdict.*

All concurred.